# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Khari Varner, | Case No. 2:24-cv-02130-APG-BNW |
| Plaintiff, | |
| v. | **ORDER & REPORT AND RECOMMENDATION** |
| Department of Family Services, et al., | |
| Defendants. | |

Plaintiff Khari Varner filed an "Emergency Petition for Writ of Mandamus and Writ of Prohibition" ("Petition") and an application to proceed *in forma pauperis* ("IFP application"). ECF Nos. 4 and 7. Her IFP application and Petition are now before this Court for review under 28 U.S.C. § 1915.

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the Court will grant Plaintiff's IFP application (ECF No. 7).

## I.  Legal Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).[1]  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

---

[1] Here, instead of a complaint, Plaintiff filed a Petition for Writ of Mandamus and Writ of Prohibition. As a result, this Court screens that Petition.

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Analysis**

This case concerns the removal of three children from Plaintiff's home. Plaintiff explains that Judge Pickard should be directed to "make a Hague convention ruling" and also requests the "issuance of a writ of prohibition directing the court to refrain from enforcing an unlawful decree of removal of children . . . ." ECF No. 4 at 1-2.

Federal district courts, as courts of original jurisdiction, do not have subject-matter jurisdiction to review errors allegedly committed by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). Instead, the proper court to obtain review of a final state court decision is the United States Supreme Court. *See* 28 U.S.C. § 1257; *Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 476.[2] The *Rooker–Feldman*

---

[2] It is not clear from Plaintiff's Petition whether she has already sought review of Judge Pickard's order from the Nevada Supreme Court. If she has not, it is possible that Plaintiff intended to file this Petition with the Nevada Supreme Court instead of the District Court of Nevada (federal court). To the extent she has already sought review by the Nevada Supreme Court, the only court that would be able to review the Nevada Supreme Court's order would be the United States Supreme Court.

1  doctrine applies even when the state court judgment is not made by the highest state court,

2  *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 221 (9th Cir. 1994); *Worldwide Church of God*

3  *v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), and when a plaintiff's challenge to the state

4  court's actions involves federal constitutional issues. *Feldman*, 460 U.S. at 483–84.

5        Plaintiff calls upon this Court to review the legality of an order entered by Judge Pickard

6  and direct the judge to make "a Hague convention ruling" and to not enforce an order regarding

7  the removal of her children from her home. This Court is barred under the *Rooker–Feldman*

8  doctrine from exercising appellate review over state court decisions. *Rooker*, 263 U.S. at 416;

9  *Feldman*, 460 U.S. at 482. Accordingly, this Court recommends that Plaintiff's claim be

10  dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1), (h)(3) (a motion to

11  dismiss for lack of subject-matter jurisdiction may be raised by the parties "or otherwise" at any

12  time); *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998) (holding that when a court

13  determines that it lacks subject matter jurisdiction, its only remaining function is to declare that

14  fact and dismiss the action).

15        **IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 7) is

16  GRANTED.

17        **IT IS RECOMMENDED THAT** the Emergency Petition for Writ of Mandamus and

18  Writ of Prohibition be denied without leave to amend (ECF No. 4).

19  **NOTICE**

20        This report and recommendation is submitted to the United States district judge assigned

21  to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation

22  may file a written objection supported by points and authorities within fourteen days of being

23  served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

24  objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d

25  1153, 1157 (9th Cir. 1991).

26        DATED: December 19, 2024

27  

28                                           BRENDA WEKSLER
                                         UNITED STATES MAGISTRATE JUDGE