# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Khari Varner, | Case No. 2:24-cv-02130-APG-BNW |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Department of Family Services, et al., | |
| Defendants. | |

On February 4, 2025, this Court received notice that Plaintiff's mail was returned as undeliverable. ECF No. 11. This Court promptly issued a minute order directing Plaintiff to update her address and warning her that failure to do so may result in dismissal of the case. ECF No. 12. Plaintiff did not update her address by the deadline, so this Court issued another minute order directing her to comply and again warning that her case may be dismissed. ECF No. 13. It has now been almost two months since the date of that order, and Plaintiff has still not updated her address. As a result, this Court recommends that the case be dismissed without prejudice and closed.

The law permits a district court to dismiss an action based on a party's failure to prosecute his case or comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

1    The first two factors, the public's interest in expeditiously resolving this litigation and the

2    court's interest in managing its docket, weigh in favor of dismissing Plaintiff's claims. The third

3    factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of

4    injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court

5    or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth

6    factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

7    The fifth factor requires the court to consider whether less drastic alternatives can be used

8    to correct the party's failure that brought about the court's need to consider dismissal. Courts

9    "need not exhaust every sanction short of dismissal before finally dismissing a case, but must

10   explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th

11   Cir. 1986). Because Plaintiff has failed to update her address, despite two court orders to do so,

12   the only alternative is to enter a third order directing Plaintiff to participate in her case. The

13   circumstances here do not indicate that Plaintiff needs additional time. Moreover, Plaintiff has not

14   participated in her case since December 2024. Setting another deadline is not a meaningful

15   alternative given these circumstances. So, the fifth factor favors dismissal.

16   In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City*

17   *of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors

18   support dismissal or where at least three factors "strongly" support dismissal).

19   / /

20   / /

21   / /

22   / /

23   / /

24   / /

25   / /

26   / /

27   / /

28   / /

1    **IT IS THEREFORE RECOMMENDED that THIS ACTION BE DISMISSED** for

2    failure to comply with a court order.

3

4    <u>**NOTICE**</u>

5    This report and recommendation is submitted to the United States district judge assigned

6    to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation

7    may file a written objection supported by points and authorities within fourteen days of being

8    served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

9    objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153,

10   1157 (9th Cir. 1991).

11

12   DATED: May 2, 2025

13   _____

14   BRENDA WEKSLER
     UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28